IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 12-586-GMS |
| ) | |
| PERRY PHELPS, ) | |
| Warden, and ATTORNEY GENERAL ) | |
| OF THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

## I. BACKGROUND

Pending before the court is James Arthur Biggins' petition/motion for a writ of habeas corpus and a preliminary permanent injunction, asserting eleven grounds for relief. (D.I. 3) For the following reasons, the petition/motion is denied.

## II. DISCUSSION

### A. Claims Erroneously Asserted Under 28 U.S.C.§ 2254

Pursuant to 28 U.S.C. § 2254(a), a district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In contrast, suits challenging state administrative procedures or conditions of confinement are properly brought pursuant to 42 U.S.C. § 1983. *See generally id.*; *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004)("requests for relief turning on circumstances of confinement may be presented in a §1983 action").

In this case, eight of the eleven arguments asserted in Biggins' petition/motion essentially challenge the conditions of his confinement, including the denial of access to the courts. (D.I. 3 at 1-7) Consequently, these claims should have been asserted pursuant to 42 U.S.C. § 1983 rather than 28 U.S.C. § 2254. In an order dated June 6, 2009, Biggins was placed on notice that "future § 1983 filings, characterized as habeas corpus petitions in an attempt to avoid the filing fee, will be considered vexatious and abusive of the judicial process and will result in summary dismissal." *See Biggins v. Phelps*, C.A. No. 09-375-GMS, Order (D. Del. June 11, 2009). Accordingly, claim one and claims three through nine are summarily dismissed.

### B. Injunctive Relief Unavailable

A preliminary injunction or temporary restraining order is an extraordinary remedy. *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). A movant must establish four elements in order to obtain an injunction: (1) he is likely to succeed on the merits; (2) denial will result in his irreparable injury; (3) granting the injunction will not irreparably harm the nonmoving party; and (4) granting the injunction is in the public interest. *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998). A movant's failure to establish any one of these four factors renders injunctive relief improper. *Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Additionally, given the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009).

In claim two of the instant petition/motion, Biggins asks the court to issue a preliminary permanent injunction requiring the prison medical staff to provide a certain pain medication for his chronic medical condition of a "herniated disc and spinal rheumatoid arthritis." (D.I. 3 at 2)

However, Exhibits A and B of the instant filing indicate that Biggins was taken off of one type of medication and prescribed another, demonstrating that Biggins has received, and continues to receive, care for his medical conditions. Consequently, there is no justification for issuing immediate injunctive relief, because Biggins cannot establish that he is in danger of suffering irreparable harm at the present time or the likelihood of success on the merits. Accordingly, Biggins' motion for preliminary permanent injunctive relief is denied.[1]

### C. Second Or Successive Habeas Claims

And finally, except in strictly delineated circumstances, a district court must dismiss a claim presented in a second or successive habeas application if that claim "was not presented in a prior application." 28 U.S.C. § 2244(b)(2). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

In claim ten, Biggins alleges that the State has incorrectly computed his good time credit, because it has failed to credit him with two and one/half days per month after his first year of imprisonment. In claim eleven, Biggins alleges that the State has incorrectly credited him with

---

[1] Additionally, to the extent claim two should be construed as claim asserted under §1983 rather than as a request for injunctive relief, it is denied for failure to state a claim. An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Significantly, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation." *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

sixty-eight days for time served while awaiting trial; rather, he contends he should have been credited with 275 days for time served while awaiting trial.

Biggins was convicted in 1997, and sentenced on January 15, 1997. On March 25, 1999, Biggins filed his first federal habeas application challenging his 1997 conviction, which the court denied on April 10, 2002 as procedurally barred and for failing to warrant habeas relief under § 2254(d). *See Biggins v. Carroll*, Civ. A. No. 99-188-GMS, Mem. Order (D. Del. Sept. 23, 2002). Since then, Biggins has filed six additional habeas applications challenging the same 1997 conviction; all six applications have been denied as second or successive. *See Biggins v. Carroll*, Civ. A. No. 99-188-GMS, Mem. Order (D. Del. Sept. 23, 2002); *Biggins v. Carroll*, Civ. A. No. 03-273-GMS, Mem. Order (D. Del. Apr. 9, 2003); *Biggins v. Phelps et. al.*, Civ. A. No. 09-741-GMS, Order (D. Del. Mar. 3, 2010); *Biggins v. Phelps*, Civ. A. No. 10-292-GMS, Order (D. Del. Apr. 20, 2010); *Biggins v. Phelps*, Civ. A. No. 10-724-GMS. Mem. Order (D. Del. Sept. 28, 2010); *Biggins v. Phelps*, Civ. A. No. 11-366-GMS, Order (D. Del. June 20, 2011).

Given Biggins' seven prior challenges to his 1997 conviction, the court concludes that the instant petition/motion constitutes a second or successive habeas application for the purposes of § 2244. In turn, as demonstrated by the dates asserted in his own filings in this case, the factual predicate for the instant challenges to the computation of sentencing credits were available to Biggins when he filed his first habeas application in 1999. Therefore, the court concludes that claims ten and eleven constitute second or successive claims for the purposes of 28 U.S.C. § 2244. *See O'Neal v. Levi*, 551 F. Supp. 2d 379, 391 (E.D. Pa. 2008).

There is no indication that the Third Circuit Court of Appeals has authorized the filing of

the instant second or successive application or claims. Accordingly, claims ten and eleven are denied as second or successive. *See* 28 U.S.C. § 2244(b)(2); *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").

## IV. CONCLUSION

For the aforementioned reasons, the court denies Biggins' petition/motion for a writ of habeas corpus and preliminary permanent injunction. Given this disposition, the court denies as moot Biggins' motion for leave to proceed *in forma pauperis*. (D.I. 1) Additionally, the court declines to issue a certificate of appealability because Biggins has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

March 1, 2013
DATE

CHIEF, UNITED STATES DISTRICT JUDGE